Ruffin, Judge.
 

 When the time of doing an act constitutes its guilr, the indictment must expressly aver it, and so describe the time, as to bring the case within the words of the statute, if the offence be one created by statute.’ As where it is made unlawful to do certain things between such a day and such another day of the year.
 
 *568
 
 The time not only enters into the offence, but also into the description of it in the
 
 act;
 
 and therefore ought also to enter into the description in the indictment.
 

 Going on that reason, there are cases which require the same particularity in indictments framed on statutes, which make acts done
 
 after a specified day
 
 criminal, or increase the punishment. But this was always confined to recent statutes. And a respectable writer,
 
 Mr. Chitty, (Cr. Law
 
 234) supposes that, though usual, it is now in no case necessary. I-hould, indeed, think, that in such a case the
 
 conclusion,contraformanstatuti,
 
 did sufficiently aver, that the fact was done after the day specified in the act itself, and that the verdict so affirmed. For, except in cases of description, the time stated need not be proved; and unless the evidence showed the commission of the offence was subsequent to the day limited, the party would be entitled to an acquittal. The verdict of guilty, therefore, affirms, not only that the fact has been done, but also that if was done, «o as to be criminal within the Statute
 
 ;
 
 that is to say, after its passage, or the day specified in it. And that such an averment does not enter into the description of the oiTerne is. clear from this : if it did, if must appear alike in all indictments, drawn on any statute, ancient or modern,
 
 thus
 
 specifying a day. llut all the books state, that it need not in the case of an ancient one.
 

 But clearly, the rule never went farther than to cm-brace cases arising ori statutes, which do in themselves designate a particular day after their passage, after which the act prohibited shall he an offence. It never did extend to statutes making the act criminal immediately after the passage of
 
 the
 
 statute, or the general period at which all statutes go into operation. The time does not make a part of the offence, as described in the statute, and is material only so far as it shows the fact was perpetrated after the statute was in force — which is neces-
 
 *569
 
 sadly inferred from the verdict, and the averment that it was against the statute. Of ilii.s last kind, is the act of Assembly on which this indictment is drawn.
 

 We do not give any opinion upon die motion for a new trial, because it is founded altogether upon
 
 surprize,
 
 and of that the Court below is exclusively the judge. It is a matter of discretion;, with which this Court cannot interfere.
 

 Per Curiam. — Let the judgmeut of the Court below he affirmed.